**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1217-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MORTON RESNICOFF,

    Defendant-Appellant.

_____

          Argued March 29, 2017 - Decided September 19, 2017

          Before Judges Fuentes, Simonelli and Carroll.

          On appeal from Superior Court of New Jersey,
          Law Division, Bergen County, Indictment No.
          09-02-0314.

          James H. Maynard argued the cause for
          appellant (Maynard & Sumner, LLC, attorneys;
          Mr. Maynard, on the briefs).

          Elizabeth R. Rebein, Assistant Prosecutor,
          argued the cause for respondent (Gurbir S.
          Grewal, Bergen County Prosecutor, attorney;
          Catherine A. Foddai, Assistant Prosecutor, of
          counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

A Bergen County grand jury returned Indictment No. 09-02-00314, charging defendant Morton Resnicoff with three counts of second degree attempted sexual assault, N.J.S.A. 2C:14-2c(4), and N.J.S.A. 2C:5-1, third degree attempted endangering of a child, N.J.S.A. 2C:24-4a and N.J.S.A. 2C:5-1, second degree dissemination or distribution of child pornography, N.J.S.A. 2C:24-4b(5)(a), and second degree possession of child pornography, N.J.S.A. 2C:24-4b(5)(b). Pursuant to a negotiated agreement with the State, defendant pled guilty on August 31, 2009 to one count of fourth degree attempted criminal sexual contact, N.J.S.A. 2C:14-3b. The State agreed to dismiss the remaining counts in the indictment and recommended the court sentence defendant to a term of probation, conditioned on serving 364 days in the county jail.

On October 23, 2009, the court sentenced defendant, consistent with the plea agreement, to a two-year term of probation, conditioned upon serving 364 days in the county jail. As part of his sentence, the court ordered defendant to register as a convicted sex offender under N.J.S.A. 2C:7-2, commonly known as Megan's Law. Defendant did not appeal his sentence.

N.J.S.A. 2C:7-2f provides:

> Except as provided in subsection g. of this section, a person required to register under this act may make application to the Superior Court of this State to terminate the obligation upon proof that the person has not

committed an offense <u>within 15 years following conviction</u> or release from a correctional facility for any term of imprisonment imposed, whichever is later, and is not likely to pose a threat to the safety of others.

[Emphasis added.]

Defendant was sixty-seven years old when he committed this crime. He claims he will be eighty-four years old by the time he is eligible to apply for relief under <u>N.J.S.A.</u> 2C:7-2f.

On October 17, 2014, defendant filed a post-conviction relief (PCR) petition arguing that the fifteen-year offense-based procedural bar to termination unconstitutionally discriminates against a class of convicted defendants who are at least sixty years old at the time of conviction. According to defendant, the application of this fifteen-year procedural bar under <u>N.J.S.A.</u> 2C:7-2f to this class of elderly registrants is the functional equivalent of a lifetime registration requirement. The court will lose jurisdiction to provide any relief because the registrant will likely be dead or unable to reap any meaningful benefit due to poor health.

The matter came for oral argument before the PCR judge on September 24, 2015. In support of his petition, defendant cited studies that "suggest" that individuals released from prison after the age of sixty present a mere 3.8% risk of reoffending. Defendant also noted that the Legislature recognized "advanced age

or debilitating illness" as among the factors relevant to the risk of re-offense. N.J.S.A. 2C:7-8b(2).

The PCR judge explained the reasons for rejecting defendant's argument and denying his PCR petition in a written opinion dated October 6, 2015. Before addressing defendant's arguments directly, the judge provided the following brief recitation of the circumstances that led to defendant's conviction.

> On January 9, 2008, an undercover agent of the Bergen County Prosecutor's Office assumed the online identity of a thirteen-year-old girl named "Danielle DeJoseph" in an internet chat room on Yahoo.com, entitled "New Jersey 4," using the screen name "danigurl1017." The same day, at approximately 3:32 p.m., another user with a screen name entitled mike_reese2002," later identified to be [defendant], contacted the agent online.
>
> [Defendant] then sixty-seven years old, texted he was seventeen years of age, and the agent responded that she was thirteen-years old. He asked the agent if she had ever seen male genitalia and subsequently transmitted those images to her. [Defendant] also sent the agent an invitation to view a webcam feed, depicting a male masturbating. He invited the agent to join him after school one day for sexual activity.
>
> On January 28, 2008, [defendant] and the undercover agent, purporting to be a thirteen-year old child, exchanged internet chat communications in which [defendant] transmitted a webcam feed, depicting him masturbating. In the same chat session, [defendant] sent twenty-four pornographic images to the purported thirteen-year old girl.

A-1217-15T3

On February 27, 2008, [defendant] again sent the agent a webcam showing him masturbating. Finally, on March 3, 2008, [defendant] provided his cellular phone number to the presumed thirteen-year old child. A recorded phone call subsequently took place between [defendant] and "danigurl107," voiced by BCPO [D]etective Kristen Mecionis. During the call [defendant] arranged to meet the child at the Old Navy store in the Paramus Park Mall. [Defendant] expressed an interest in going to a nearby hotel after meeting at the mall where he suggested that he and the child could look at pictures and videos.

The day the meeting was to take place, [defendant] was sighted at the Crowne Plaza Hotel adjacent to the mall where the meeting was to occur. He was arrested, having in his possession a duffle bag containing condoms, lubricant, a portable DVD player and two DVDs.

The PCR judge noted that defendant was, at the time of the hearing, seventy-five years old. He had successfully completed his two-year term of probation. The judge also considered a report of a psychological evaluation of defendant submitted by Sean Hiscox, Ph.D., who concluded:

[It] is my opinion to a reasonable degree of professional certainty that in [defendant's] case specifically and with offenders at an advanced age generally, a comprehensive, individualized, risk and needs based assessment informed by the empirical research is superior to a charge-based assessment of risk. Such an approach is best practice in the field and it is also my opinion that such an approach sufficiently protects the public from sex offenders who are at an advanced age. It is also my opinion that [defendant] is not

likely to pose a threat to the safety of others and therefore could be safely removed from the requirements of New Jersey's community notification and registration law.

The PCR judge began his legal analysis by reaffirming our Supreme Court's admonition in State v. Preciose, 129 N.J. 451, 459 (1992): "Post-conviction relief is neither a substitute for direct appeal, R. 3:22-3, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." The judge also noted that the constitutionality of the statutory notification scheme of convicted sex offenders known as Megan's Law was settled by the Supreme Court in Doe v. Poritz, 142 N.J. 1, 90-91 (1995).

The judge also rejected defendant's attempt to apply the Court's holding in In re Registrant J.G., 169 N.J. 304 (2001), which concerned the application of the registration and community notification requirements of Megan's Law to a juvenile who pled guilty to conduct that, if committed by an adult, would constitute the crime of second degree sexual assault as defined in N.J.S.A. 2C:14-2c(1). J.G "was ten years old when the incident occurred, and the victim was the juvenile's eight-year-old female cousin." Id. at 309. Applying the registration and notification requirements of Megan's Law, "the trial court Law Division classified J.G. as a Tier 2 offender and ordered notification of

various elementary and middle schools in the vicinity of J.G.'s residence." Ibid.

In holding that Megan's Law registration and community notification orders for juvenile delinquents under the age of fourteen will terminate at age eighteen, the Court took "careful cognizance of the philosophy underlying the creation of our separate juvenile justice system, as well as of the specific provisions of our Juvenile Code intended to implement that philosophy." Id. at 321. The Court also emphasized that:

> The Juvenile Code also limits the duration of dispositions imposed on juveniles by providing that all orders of disposition other than for incarceration in delinquency cases shall terminate at age eighteen, or three years from the date of the order, whichever is later. Moreover, as noted, ante at 324, 777 A.2d 904, the Code states that no disposition "shall operate to impose any of the civil disabilities ordinarily imposed by virtue of a criminal conviction. . . ." N.J.S.A. 2A:4A-48.
>
> [Id. at 335-36.]

Of particular relevance here, the Court in J.G. made clear that it had previously "generally upheld the constitutionality of Megan's Law." Id. at 338 (citing Doe v. Poritz, supra, 142 N.J. at 12, 110-11). The PCR judge addressed and rejected the remaining arguments raised by defendant, concluding that "Megan's Law, as

it is presently written, does not authorize special exceptions for any alleged class of sex offenders."

Defendant now appeals raising the following arguments:

POINT I

THE PURPOSE OF MEGAN'S LAW IS TO DEFEND AGAINST INDIVIDUALS LIKELY TO POSE A THREAT OF SEX OFFENSE RECIDIVISM; ADVANCED AGE REGISTRANTS ARE EMPIRICALLY LESS LIKELY TO PRESENT A RISK THAN THEIR YOUNGER COUNTERPARTS.

POINT II

OFFENSE-BASED BARS TO TERMINATION OF MEGAN'S LAW, WHEN APPLIED TO ADVANCED AGE REGISTRANTS, CREATE AN IRREBUTTABLE PRESUMPTION OF RISK AND ARE UNCONSTITUTIONAL UNDER PROCEDURAL DUE PROCESS AND FUNDAMENTAL FAIRNESS ANALYSIS.

POINT III

OFFENSE-BASED BARS TO TERMINATION OF MEGAN'S LAW, WHEN APPLIED TO ADVANCED AGE REGISTRANTS, VIOLATE SUBSTANTIVE DUE PROCESS.

Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by the PCR judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1217-15T3